JUDGE ROANE
concurred in the opinion, that the bill had been improperly received as a bill of review, the decree sought to be reviewed and reversed, not having been final; and that the bill ought to be dismissed.
JUDGE FLEMING.
It seems now a well, settled principle, that a bill of review may not be brought, (and if brought cannot be-sustained,) until the decree sought to be reviewed and reversed be final, and the parties out of Court; and then can be sustained on two grounds only: 1st. Where error of law is apparent upon the record; and 2dly. Upon discovery of some new matter; and in the latter case, the plaintiff' in the bill of review must obtain the previous leave of the Court for filing such bill;; and the leave of the Court is never obtained, but upon allegation, upon oath, that the new matter could not be produced or used, by the party preferring this bill, at the-time the decree was pronounced: and the Court, upon the new matter being discovered, will decide upon its relevancy or irrelevancy; and ^permission to file-such bill of review will accordingly depend upon such decision.
Forgetfulness or negligence of parties, under no incapacity, is no foundation for a bill of review.
*535 It is unnecessary to consider the doctrine of supplemental bills, in the nature of bills of review, as it does not apply in the case before us; and the bill, now the subject of discussion, having been prematurely brought, before a final decree, must, agreeable to the first principle above laid down, be dismissed.
By the whole Court, (absent JUDGE DYONS.) the decree of the Superior Court of Chancery reversed, and the bill of review filed by Ellzey, dismissed, at his costs.
Ellzey being the appellant, in this Court, and the decree of the Superior Court of Chancery having been reversed,
Wirt said, he understood that, according to the usual course, the clerk would tax the costs against the appellee, (Dane’s Executrix,) although she substantially prevailed. This would not be equitable, inasmuch as the error was produced by Ellzey himself, in filing a bill of review improperly; and for another reason, that he took an appeal from a decree which gave him every thing he asked for in his bill.
By all the Judges. The appellee having substantially prevailed, let the decree be reversed at the costs of the appellant. (1)

 In Mantz v. Hendley, ante, p. 308, the same principle was adopted. There the judgment of the District Court, from which Mantz took an appeal, was reversed and reformed: but, as be substantially prevailed, he recovered his costs.